UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THOMAS O'CONNOR, on behalf of
himself and those similarly situated,

CASE NO.:

Plaintiff,

v.

MASTEC, INC.. a
Florida Profit Corporation,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS O'CONNOR ("O'CONNOR" or "Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, MASTEC, INC. ("MASTEC" or "Defendant"), a Florida Profit Corporation, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

5. At all times material hereto, MASTEC was and continues to be a Florida Profit Corporation. Further, at all times material hereto, MASTEC was and continues to be engaged in business in Florida, with its principal place of business in Dade County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

9. Defendant was and continues to be an "employer" within the meaning of FLSA.

10. At all times material hereto, MASTEC was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

11. At all times material hereto, MASTEC was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times relevant hereto, Defendant holds itself out as "contractors that engineer, procure, construct and maintain the infrastructures that enable electric transmission and distribution, oil and natural gas pipeline, and communications companies to successfully facilitate the production and delivery of their products."

14. At all times relevant hereto, Defendant had more than two employees.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

17. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. The additional persons who may become plaintiffs in this action are/were for Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

20. Defendant hired Plaintiff to work as an hourly paid laborer.

21. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

22. During the relevant limitations period, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

23. Specifically, Defendant would require Plaintiff, and all other similarly situated employees to arrive at Defendant's work facility between 6:00-6:30 am on workdays to prepare

for the day's work. But, Defendant would not "clock" Plaintiff and other similarly situated employees in, however, until 8:00 am, or until they reached the worksite, and refused to count this pre shift and drive time as compensable hours worked.

24. Similarly, at the end of the workday, Defendant would not pay Plaintiff and those similarly situated, for time spent travelling back to Defendant's worksite as required, to drop off the work trucks, supplies, and materials at the end of the day.

25. Plaintiff estimates that this additional pre and post shift prep and travel time that Defendant failed to compensate Plaintiff and those similarly situated for, averaged approximately at least 5-7 hours per week.

26. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for **all** hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

27. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiff re-alleges and reavers paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. During his employment, Plaintiff regularly worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay **for all hours worked**.

31. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

33. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

34. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

37. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

38. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

  c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff pre-judgment interest;

f. Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated laborer/drivers employed by Defendant within the past 3 years; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 11, 2015.

Respectfully submitted,

_____
RICHARD CELLER, ESQ.
Florida Bar No.0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (954) 318-0268
Facsimile: (954)-337-2771
E-mail: richard@floridaovertimelawyer.com

Trial Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THOMAS O'CONNOR, on behalf of
himself and those similarly situated,

CASE NO.:

Plaintiff,

v.

MASTEC, INC., a
Florida Profit Corporation,

Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I, **THOMAS O'CONNOR** consent to become the party plaintiff in the above-styled Lawsuit.

Date: March 6, 2015

Signature: _____

Print: Thomas J. O'Connor